RECEIVED
IN LAKE CHARLES, LA
AUG 22 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNUM INSURANCE COMPANY OF AMERICA | : | DOCKET NO. 2:06 CV 0861 |
| VS. | : | JUDGE MINALDI |
| WILSON LOCKE, JR., DORA LOCKE, RAQUEL DEAN, ET AL. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Currently before the court is a Motion to Discharge UNUM Life Insurance Company of America ("UNUM") from further liability, to Dismiss UNUM from the Interpleader Action, and to Dismiss the Counter-Claim. This motion has been opposed by the defendants-in-interpleader.

Facts

Serebia Dean had been employed at Lowe's and had participated in her employer's Accidental Death and Dismemberment and group Life Insurance policies. She had designated her stepfather, Wilson Locke, Jr., as the sole beneficiary. Dean died of a gunshot on May 4, 2005, and Wilson Locke, Jr., has been charged with her murder. He is currently awaiting trial on this charge. If convicted, Wilson Locke, Jr. would not be eligible to receive the insurance proceeds under Louisiana's "Slayer Statute."[1]

On May 24, 2006, UNUM filed an Interpleader and deposited the proceeds of the life insurance policies into the registry of the court. UNUM asserts that it is entitled to the discharge of

---

[1] La. R.S. 22:613(d) prohibits someone from collecting life insurance benefits if they are found by a court of competent jurisdiction to be criminally responsible for the insured's death.

any further liability in connection with the underlying policies. UNUM also alleges that it is entitled to reimbursement from the amount deposited in the registry of the court of litigation fees and costs.

On May 25, 2006, this court signed an Order restraining the defendants-in-interpleader and any party known or unknown to them from instituting or pursuing any action against UNUM for recovery of any of the amounts allegedly due them under the Group Life Insurance with Accelerated Benefit and the Accidental Death and Dismemberment Policy issued to Lowe's Companies, Inc. insuring the life of Serebia Dean.

The Interpleader was answered by Dora Locke[2] in her individual capacity, as tutrix of Raquel Dean[3], and as administratrix of Dean's succession. Dora Locke denies that UNUM should be released from liability or that it should receive reimbursement of litigation costs. Dora Locke filed a counterclaim asserting that the court should declare that Wilson Locke, Jr. is not entitled to any of the insurance proceeds and that they should be paid to her. She also seeks "all further equitable relief."

UNUM is seeking to be discharged from further liability and to be dismissed from the interpleader action pursuant to Fed.R.Civ.P. 12(c). UNUM also moves that the counterclaim be dismissed.

Rule 12(c) of the Federal Rules of Civil Procedure states:

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present

---

[2] Dean's mother.

[3] The minor daughter of the decedent.

2

all material made pertinent to such a motion by Rule 56. F.R.Civ.P. 12(c).

No matters outside the pleadings have been submitted to this court for consideration with this motion.

## Analysis

Jurisdiction to award attorneys' fees to an interpleader is given by 28 USC § 2361 and is within the discretion of the court.[4] Attorney's fees are available when the interpleader is a disinterested stakeholder and is not in substantial controversy with one of the claimants.[5] 28 USC § 1335 makes no mention of allowance of expenses for insurance companies bringing an interpleader, leaving the award to the discretion of the District Court.[6]

UNUM also argues that it is not subject to extra-contractual or equitable damages because state law claims are pre-empted by ERISA[7]. The question of whether a state action is preempted by federal law is one of congressional intent[8]. In *New Orleans Elec. Pension Fund v. Newman*[9] the

---

[4] *United Co-op. Farmers, Inc. v. Aksila*, 156 F. Supp. 118 (D. Mass. 1957); *Also see Corrigan Dispatch Company v. Casa Guzman, S.A.*, 696 F.2d 359, 364 (5th Cir.1983).

[5] *See Rhoades v. Casey*, 196 F.3d 592, 603 (C.A.5 (Tex.),1999); *Phillips Petroleum Company v. Hazlewood*, 534 F.2d 61, 63 (5th Cir.1976).

[6] *Travelers Indem. Co. v. Israel*, 354 F.2d 488 (2d Cir. 1965); 48 A.L.R.2d 190.

[7] Employee Retirement Income Security Act of 1974, § 514(a), 29 U.S.C.A. § 1144(a).

[8] *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987).

[9] 784 F.Supp. 1233, 1236 (E.D.La.,1992)

Court held that Congress did not intend ERISA to preempt state laws which prohibit murderers from reaping financial benefits as a result of their crimes.[10] The court in *Newman* relied upon *Mendez-Bellido v. Board of Trustees, A.T.C.*, 709 F.Supp. 329 (E.D.N.Y.1989) in which the court held that state killer statutes prohibiting a killer from inheriting from the decedent do not "relate" to employee benefit plans and thus are *not* subject to the ERISA preemption. The court in *Newman* also found that the application of the state killer statutes does not conflict with federal law, therefore ERISA does not preempt the Louisiana killer statutes.

Dora Locke contends that Wilson Locke, Jr. is not entitled to the insurance proceeds because he has been charged with second degree murder. UNUM filed this interpleader rather than disbursing the funds to Wilson Locke, Jr., recognizing that if he is found criminally responsible for the death of the insured, he will be disqualified as beneficiary. The question of the proper party to receive the proceeds of the policies does not require that UNUM remain a party to this suit. UNUM fulfilled its obligation under the policies when the proceeds were paid into the registry of the court.

The counterclaim will be dismissed as there is no cause of action for the claimed equitable relief. Dora Locke was restrained from filing any action against UNUM to pursue the funds due under these policies. There is no set of facts or possible theory that would entitle Dora Locke, in any capacity, to relief beyond the monies deposited in the registry of the court.

Conclusion

There is no question in this case that Louisiana's "Slayer statute" would prohibit anyone found criminally responsible for the death of the insured from collecting the proceeds under the

---

[10] *See New Orleans Electrical Pension Fund v. DeRocha*, 779 F.Supp. 845 (E.D.La.1991).

4

policy. The amount of the policies is not in dispute. Wilson Locke, Jr. has been accused of murder, but the trial is pending. UNUM placed the disputed monies in the registry of the court. UNUM is a disinterested stakeholder and is not in substantial controversy with one of the claimants, therefore they are entitled to reasonable attorneys fees and costs for the filing of the interpleader and for answering the counter-claim. UNUM's Motion to Dismiss will be granted and UNUM may submit an accounting to the court.

Lake Charles, Louisiana, this 21 day of August, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE